UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| BILLY J. FORESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| SERVICE EXPERTS HEATING & AIR ) | |
| CONDITIONING LLC, , ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant, Service Experts Heating & Air Conditioning LLC, ("Service Experts"), pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, through its undersigned counsel, respectfully submit this Notice of Removal for the purpose of removing the above-captioned action from the Circuit Court of Knox County, Tennessee to the United States District Court for the Eastern District of Tennessee. As grounds for this Notice of Removal, Defendant states as follows:

1. On April 7, 2021, Plaintiff, Billy Forester ("Forester"), filed a Complaint (the "Complaint") commencing the action styled Billy J. Forester v. Service Experts Heating & Air Conditioning LLC, d/b/a/ R&M Climate Control in the Circuit Court of Knox County, Tennessee, Case No. 3-83-21. A copy of the Summons and Complaint Defendant received is collectively attached hereto and marked **Exhibit A**.

2. Defendant Service Experts was served with process on April 13, 2021, a date less than thirty (30) days before the filing of this Notice of Removal.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

4. This action is removable on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff's Complaint reflects that he is a resident and citizen of Tennessee. (Compl. ¶ 1.).

5. Defendant Service Experts Heating & Air Conditioning LLC is a Delaware Limited Liability Company. The sole member of Service Experts Heating & Air Conditioning LLC is Service Experts LLC, a Delaware Limited Liability Company. The sole member of Service Experts LLC is SE Holdco, LLC, a Delaware Limited Liability Company. The sole member of SE Holdco, LLC is SEHAC Holdings LLC, a Delaware Limited Liability Company. The sole member of SEHAC Holdings LLC, is New Bolt Holdco II LLC, a Delaware Limited Liability Company. The sole member of New Bolt Holdco II LLC, is Bolt Acquireco Inc. Bolt Acquireco Inc., is not a citizen of Tennessee. Bolt Acquireco Inc., is incorporated in the State of Delaware, with its principal place of business in Richardson, Texas.

6. For purposes of diversity jurisdiction, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see also Stamper v. Wilson & Assocs., P.L.L.C.*, 2010 WL 1408585, at *10 (E.D. Tenn. 2010) ("For purposes of determining diversity jurisdiction, a limited liability company's citizenship is that of its members"). Where, as here, the members of a limited liability company are also limited liability companies, the analysis for diversity purposes goes "up the chain" to determine the citizenship of each member of these limited liability companies, until the analysis reaches a non-LLC. *See Delay,* 585 F.3d at 1005 ("And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well").

7. Under 28 U.S.C. § 1332, Defendant is not a citizen of Tennessee.

8. Plaintiff's Complaint alleges that he was discharged in retaliation for pursuing workers' compensation benefits. In Tennessee, this claim is removable, since the claim is not created by the state's Workers' Compensation Act, but by the common law. (*See* Complaint at ¶ 19; *see also Nixon v Waste Management, Inc.* 156 Fed. Appx. 784, 787 (6th Cir. 2005))(holding that removal of a Plaintiff's claim that he was discharged in retaliation for his pursuit of workers' compensation benefits was not improper under 28 U.S.C. § 1445(c) since, in Tennessee, such a claim does not "arise under" the Workers' Compensation statute, but instead was judicially created).

9. Plaintiff's Complaint under Tennessee common law seeks damages for wrongful discharge in violation of public policy. In the Prayer of the Complaint seeks $250,000.00 in damages for back pay, front pay and other compensatory damages. Plaintiff also seeks $250,000.00 in punitive damages.

10. As the foregoing clearly shows, the value of Plaintiff's claims in this matter exceeds $ 75,000.00, exclusive of interest and costs. As a result, for purposes of 28 U.S.C § 1332, the amount in controversy exceeds the jurisdictional threshold amount.

11. Based upon the foregoing, this action is subject to removal pursuant to 28 U.S.C. § 1441. Specifically, Section 1441(a) specifies that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this action is properly removable.

12. This lawsuit has also been properly removed to this district court as 28 U.S.C. § 1446(a) specifies that the notice of removal shall be filed in the district court of the United States for the district and division within which such action is pending. Pursuant to 28 U.S.C. §123(a)(1),

this district and division encompasses Knox County, where the action was pending prior to removal.

13. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Knox County, Tennessee, with a copy to be served on Plaintiff's counsel. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

14. By removing this action to this Court, Defendant does not waive any defenses, objections or motions available to them under state and federal law.

WHEREFORE, Defendant, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully submits that based upon the allegations set forth in this Notice of Removal that this action is properly removed and requests that this Court retain jurisdiction over this action.

Dated this 12th day of May 2021.

Respectfully submitted,

/s/ William S. Rutchow
William S. Rutchow, TN Bar No. 017183
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908
William.Rutchow@ogletree.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 12th day of May 2021, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Thomas M. Leveille
1111 N. Northshore Drive
Landmark Center North Tower, Suite N-290
Knoxville, Tennessee 37919


/s/ William S. Rutchow