# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  June 20, 2023

Mr. Thomas M Leveille
Tarpy Cox Fleishman & Leveille
1111 N. Northshore Drive
Suite N-290
Knoxville, TN 37919

Mr. William S. Rutchow
Mr. Darius Walker Jr.
Ogletree Deakins
401 Commerce Street
Suite 1200
Nashville, TN 37219

Re:    Case No. 22-6074, *Billy Forester v. Service Experts Heating & Air Conditioning LLC*
Originating Case No. : 3:21-cv-00180

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc:  Ms. LeAnna Wilson

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name:  23a0287n.06

Case No. 22-6074

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 20, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BILLY FORESTER, | ) | |
| | ) | |
|     Plaintiff – Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| SERVICE EXPERTS HEATING & AIR | ) | TENNESSEE |
| CONDITIONING LLC, | ) | |
| | ) | **O P I N I O N** |
|     Defendant – Appellee. | ) | |
| | ) | |

BEFORE:  MOORE, McKEAGUE, and MATHIS, Circuit Judges.

**McKEAGUE, Circuit Judge.**  Plaintiff Billy Forester claims that his employer, Service Experts Heating & Air Conditioning LLC, fired him in retaliation for filing a workers' compensation claim after he was injured on the job.  Tennessee common law protects against retaliatory discharge.  The district court granted summary judgment for Service Experts, finding no evidence of pretext under the *McDonnell Douglas* burden-shifting framework traditionally used by Tennessee courts for these claims.  We affirm.

## I. BACKGROUND

### A.  Factual Background

Billy Forester started working for Service Experts as a Residential Installer Helper of heating and air conditioning units in May 2019.  Service Experts provides heating repair, air conditioning repair, indoor air quality sales, HVAC installation and maintenance, and repair service for both the residential and commercial HVAC markets, with over 100 service locations

Case No. 22-6074, *Forester v. Service Experts Heating & Air Conditioning LLC*

across the country. The parties largely agree that during his employment Forester performed his duties in an acceptable manner.

On December 17, 2019, Forester injured his shoulder. Forester alleges that the injury occurred when he was working with a co-worker to lower an air conditioning unit to the ground. Forester claims he told Service Experts about this on-the-job injury that same day. At Service Experts' urging, Forester visited a doctor the day after he was injured. He was told he could return to work with a ten-pound lifting restriction. Although Forester wanted to continue working, his supervisor, Adam Hacker, told him that there was no work available, and that he should go home and "get better."

Much of the timeline following that day is disputed. However, on February 4, 2020, Forester called Service Experts' human resources department, questioning why he was not receiving workers' compensation for his injury. The next day, Service Experts sent Forester a letter stating that Forester's employment was terminated because his leave was up, and that he had not been released for the "duties required per [his] job description." R. 20-2, PID # 131. Although the letter stated that Service Experts was terminating Forester for abandoning his job, the company did not formally process the termination, and instead waited to receive a response from Forester.

On February 13, 2020, Service Experts sent Forester another letter, stating, in relevant part:

> On February 4, 2020, the Human Resources Department received a call from you regarding a possible work-related injury. The HR Department, as well as myself, have tried several attempts to reach you via phone and email regarding this matter.
>
> Service Expert's [sic] policy states if you sustain a work-related injury you are to report this to your manager as soon as possible. We require a statement from you to provide details surrounding your work[-]related injury. It is requested that you contact myself, Adam Hacker, General Manager, within 7 days from receipt of this letter.

R. 23-4, PID # 242; R. 23-1, PID # 237.

- 2 -

Case No. 22-6074, *Forester v. Service Experts Heating & Air Conditioning LLC*

Forester called Hacker on February 14th.  It is undisputed that Forester told Hacker on this call that he sustained his injury while on the job.  Hacker maintains that this was the first time he learned that Forester alleged his injury resulted from a work accident, and that he responded by directing Forester to contact the company's nurse line for support.  Forester alleges that he contacted Hacker again on March 2, 2020, further questioning him about the workers' compensation issue.

Service Experts sent Forester a final termination letter by email on April 7, 2020, stating:

> I am writing you this letter to inform you that your employment with [Service Experts] has been terminated as of 4/7/2020.  Due to the medical restrictions you have been placed under by your personal physician you are unable to perform the duties assigned to you as an installation helper.  At this time there are no other positions available that would allow you to work while under these restriction[s].  We have attempted to reach you by phone . . . but received no answer at this time.

R. 20-1, PID # 108; R. 23-5, PID # 243.  It is undisputed that Forester's job required him to be able to lift seventy-five pounds, and that he was unable to lift more than ten pounds at the time he was fired.

At some point, Forester filed a claim with the Tennessee Bureau of Workers' Compensation, which eventually settled and resulted in Forester receiving compensation.  It is unclear from the record when this occurred.

### B.  Procedural Background

Forester filed suit against Service Experts in Tennessee state court based on Tennessee common law, asserting that the company wrongfully terminated his employment after he filed for workers' compensation.  Service Experts removed the case to the Eastern District of Tennessee.

Following discovery, Service Experts moved for summary judgment.  The district court granted summary judgment for Service Experts, concluding that Forester "failed to show Service Experts terminated his employment because of his workers' compensation claim as opposed to his

- 3 -

Case No. 22-6074, *Forester v. Service Experts Heating & Air Conditioning LLC*

injury and his ultimate inability to perform the essential functions of his job . . . [and] submitted no compelling evidence of pretext." *Forester v. Serv. Experts Heating & Air Conditioning LLC*, No. 321CV00180DCLCDCP, 2022 WL 16953692, at *5 (E.D. Tenn. Nov. 15, 2022). Forester timely appealed.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251. All inferences from the underlying facts must be drawn in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. ANALYSIS

Tennessee common law recognizes a cause of action for retaliatory discharge when an employer fires an employee for seeking workers' compensation. *See Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441, 445 (Tenn. 1984) ("[A] cause of action for retaliatory discharge . . . is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature."); *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 899 (Tenn. 1992). This is a "narrow exception to the employment at will doctrine." *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 389 (Tenn. Ct. App. 2006) (citations omitted); *see Clanton*, 677 S.W.2d at 443 ("Under long-established Tennessee law, an employee-at-will can be discharged without breach of contract for good cause, bad cause or no cause at all.").

- 4 -

Case No. 22-6074, *Forester v. Service Experts Heating & Air Conditioning LLC*

Tennessee courts apply the *McDonnell Douglas* burden-shifting framework to common law retaliatory discharge claims. *Smith v. Bridgestone/Firestone, Inc.*, 2 S.W.3d 197, 200 (Tenn. Ct. App. 1999); *Burns v. Ford Constr. Co.*, No. W202200492COAR3CV, 2023 WL 2987669, at *3 n.1 (Tenn. Ct. App. Apr. 18, 2023). To establish a prima facie case for workers' compensation retaliation, an employee must show that: "(1) the plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment." *Yardley v. Hosp. Housekeeping Sys., LLC*, 470 S.W.3d 800, 805 (Tenn. 2015); *Burns*, 2023 WL 2987669, at *3 n.1 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)).[1] If a plaintiff successfully establishes a prima facie case of retaliatory discrimination, the burden shifts to the employer to provide a legitimate and non-retaliatory reason for the discharge. *Anderson v. Standard Reg. Co.*, 857 S.W.2d 555, 558 (Tenn. 1993) (citation omitted). Once an employer provides such a reason, the burden returns to the employee to prove that the employer's reason was pretextual. *Smith*, 2 S.W.3d at 200 (citation omitted). To do this, a plaintiff must show "that the Company's reasons have no basis in fact, or if they have a basis in

---

[1] In two recent unpublished cases, the Tennessee Court of Appeals held that when an employee "cannot perform the essential job functions as a result of his or her injury, the employee fails to prove the fourth element of his or her claim for retaliatory discharge for filing a workers' compensation claim." *Burns*, 2023 WL 2987669, at *8; *Hilliard v. Dolgencorp, LLC*, No. E201800312COAR3CV, 2019 WL 1377263, at *14 (Tenn. Ct. App. Mar. 26, 2019); *see also Leatherwood v. United Parcel Serv.*, 708 S.W.2d 396, 401–02 (Tenn. Ct. App. 1985). Here, the parties agree that Forester was unable to perform his job duties at the time he was fired, and thus, under *Burns* and *Hilliard*, his claim would fail.

Although we look to the decisions of a state's intermediate courts when determining how the state's supreme court would decide an issue, we do not follow those cases if "we are convinced that the state supreme court would decide the issue differently." *See Melson v. Prime Ins. Syndicate, Inc.*, 429 F.3d 633, 636 (6th Cir. 2005). We need not determine if the Tennessee Supreme Court is likely to affirm the rule of law set forth in *Burns* and *Hilliard*, however, because we can affirm the judgment on a different ground. *See Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943) ("[It is] the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law *whenever necessary to the rendition of a judgment*." (emphasis added)).

Case No. 22-6074, *Forester v. Service Experts Heating & Air Conditioning LLC*

fact, by showing that they were not really factors motivating the discharge, or, if they were factors, by showing that they were jointly insufficient to motivate the discharge." *Davis v. Reliance Elec. Indus. Co.*, 104 S.W.3d 57, 63 (Tenn. Ct. App. 2002) (citing *Moore v. Nashville Elec. Power Bd.*, 72 S.W.3d 643, 652 (Tenn. Ct. App. 2001)); *see also Sasser v. Averitt Exp., Inc.*, 839 S.W.2d 422, 427 (Tenn. Ct. App. 1992) ("An employee may contradict an employer's assertion that the reasons for the discharge were non-pretextual either by persuading the finder of fact that the discharge was substantially motivated by the desire to retaliate or by showing that the employer's proffered explanation is unworthy of credence.").

We assume for purposes of this appeal that Forester made a prima facie case of retaliatory discharge. Because Service Experts provided a legitimate basis for the termination of Forester's employment—Forester's inability to complete his job duties—the burden returns to Forester to prove that this reason is pretextual. *See Anderson*, 857 S.W.2d at 559 (explaining that physical inability to do a job is a legitimate reason for terminating an at-will employee); *Birchett v. Nashville Co.*, No. M199900207COAR3CV, 2000 WL 640895, at *4 (Tenn. Ct. App. May 19, 2000) ("[A]n employer is entitled to terminate an at-will employee who is unable to perform satisfactorily because of physical infirmity, even though the physical infirmity resulted from an on-the-job compensable accident.").

Forester argues that two circumstances demonstrate that Service Experts' explanation is pretextual: 1) Hacker's behavior towards Forester; and 2) Service Experts' violations of its Return-to-Work policy.

### 1. Hacker's Behavior

Forester argues that Hacker's behavior before and after Forester's injury occurred demonstrates pretext. "The expression of a negative attitude by the employer toward an

- 6 -

Case No. 22-6074, *Forester v. Service Experts Heating & Air Conditioning LLC*

employee's injury" can serve as evidence of pretext, though "subjective beliefs" or "mere speculation" about such attitude is insufficient to withstand summary judgment. *Newcomb*, 222 S.W.3d at 391, 395. But it is negative attitude *towards an injury* that can serve as evidence of pretext. *Id. But see Burns*, 2023 WL 2987669, at *6 (finding no evidence of pretext where the plaintiff's manager "made crude comments" about the plaintiff's injury).

First, Forester points to an incident where he was reprimanded by Hacker *prior* to his at-issue injury. At that time, Hacker allegedly told "Forester he could be fired, [and then] glared at him then smiled in a manner that [] Forester interpreted to mean that [] Hacker was excited about potentially firing him." Appellant's Br. at 31. This speculation is not enough to survive summary judgment. *Cf. Ellis v. Buzzi Unicem USA*, 293 F. App'x 365, 376 (6th Cir. 2008). And this incident is unrelated to Forester's injury, which had not yet occurred. *Cf. Newcomb*, 222 S.W.3d at 395.

Next, Forester argues that Hacker's allegedly false statements that Forester did not immediately report the on-the-job nature of his injury demonstrate negative attitude toward Forester's injury and thus, pretext. Forester and Hacker have entirely different stories regarding when Forester reported that he was injured on the job. But, even if we assume that Hacker was lying, and that Forester reported the work-nature of this injury on the day he was injured, Forester does not explain how that shows that Hacker held a negative attitude towards the injury, or that Forester's inability to complete his job duties did not motivate his termination. *Burns*, 2023 WL 2987669, at *6 ("Even taking such testimony in the light most favorable to Mr. Burns, on this Court's review, this testimony fails to show that Ford Construction had a negative attitude towards Mr. Burns *as a result of his workers' compensation claim*."). The fact that their stories differ regarding the report time of an injury could indicate many things—including poor memory—and

- 7 -

Case No. 22-6074, *Forester v. Service Experts Heating & Air Conditioning LLC*

simply cannot be viewed, without more, as direct evidence of a wrongful motivation or a negative attitude towards an injury.

## 2. Violation of Company Policy

Forester further argues that Service Experts' alleged violations of its company policy demonstrate pretext. Failure to adhere to company policy can constitute circumstantial evidence of pretext. *Ellis*, 293 F. App'x at 374.

Service Experts has a Return-to-Work policy, that states:

> The Company deeply appreciates and values the workplace efforts and contributions of its employees. As a reflection of that appreciation, the Company has provided a Return to Work Program. The purpose of the program is to ensure that each employee injured in the course and scope of their employment is provided the opportunity to remain an active and productive member of the Company. The policy applies to all eligible workers and will be followed whenever appropriate.

R. 23-8, PID # 330. The policy goes on to say: "Supervisors will support the employee's return to work by identifying appropriate modified assignments and ensuring the employee does not exceed the physician's set restrictions." *Id.* at PID # 331. It also states that "the Company will make every reasonable effort to provide employees with temporary or modified duty work assignments following a work-related injury for which the treating physician prescribes temporary physical restrictions." *Id.* at PID # 332.

Forester argues that Service Experts did not consider him for temporary or modified work duties, in violation of this policy. Hacker testified that he made the decisions about temporary and modified work assignments. He stated that he considered whether modified work was possible, but decided there was "just no way" to modify Forester's job duties. R. 23-6, PID # 264–65. However, when asked about whether he considered temporary work assignments, Hacker answered as follows:

- 8 -

Case No. 22-6074, *Forester v. Service Experts Heating & Air Conditioning LLC*

> Q.    Okay.  Was Mr. Forester considered for any temporary transitional
>        duties with the company after December 18 of 2019?
>
> A.    No.
>
> Q.    Why not?
>
> A.    Directly after December –
>
> Q.    At any point after December 18 of 2019.
>
> A.    No.  There was – there was no positions available for him.

*Id.* at 264.  Forester seems to rely on this deposition testimony as evidence that Service Experts

did not consider him for temporary work in violation of company policy.  But, in this excerpt, it is

clear that the reason Service Experts did not consider Forester for temporary work is because there

were no positions available.  And Forester acknowledges this reality: at his deposition he stated

that there were "no other positions available to apply for except a service technician," a position

for which he had previously been rejected and which was not posted as available.  R. 20-1, PID

# 94.  Thus, the evidence that Forester relies on to establish a violation of company policy is, at

best, a "mere scintilla" of evidence, and thus, not enough to survive summary judgment.  *Hartman

v. Thompson*, 931 F.3d 471, 478 (6th Cir. 2019) (quoting *Anderson*, 477 U.S. at 252).

Additionally, although failure to follow company policy *can* serve as evidence of pretext,

Tennessee cases relying on violations of company policy as evidence of pretext explain how the

violation called into question the employer's justification for the termination.  For example,

evidence that a company did not follow its policy when firing a person for their bad actions—the

same bad actions that supposedly justified the termination of employment—is considered some

evidence that those bad actions were unlikely to be the true cause for termination.  *See, e.g.*,

*Newcomb*, 222 S.W.3d at 394 (finding a manager's failure to "follow the five-step process in the

Associate Handbook" when reprimanding the plaintiff some evidence of pretext); *Whirlpool Corp.

v. Pratt*, No. M200702534COAR3CV, 2008 WL 4615709, at *6 (Tenn. Ct. App. Oct. 17, 2008);

- 9 -

Case No. 22-6074, *Forester v. Service Experts Heating & Air Conditioning LLC*

*see also Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 801 (Tenn. 2010) ("[T]he record shows that [the employer] did not enforce the lifting restrictions . . . until three days after [the plaintiff] rejected its settlement offer. Based on these facts, a reasonable person could reach more than one conclusion as to whether [the plaintiff's] rejection of the settlement offer was a substantial factor in [the employer's] decision to discharge him."). Forester fails to explain how evidence that Service Experts failed to consider him for a temporary work assignment calls into question that he was fired because he was unable to complete his job duties months after his injury occurred. *See Davis v. Reliance Elec.*, 104 S.W.3d 57, 63 (Tenn. Ct. App. 2002); *see also Canady v. Gillette Co.*, 547 F. App'x 670, 681 (6th Cir. 2013) ("Canady's allegations that Gillette deviated from company policy fails to generate compelling circumstantial evidence of causation."); *Thayer v. Tyson Foods, Inc.*, 355 F. App'x 886, 890 (6th Cir. 2009) ("The District Court convincingly reasoned that there was no logical connection between any of these relatively inconsequential procedural variances and the cause of Thayer's discharge.").

In sum, Forester fails to raise a genuine issue of material fact as to his retaliatory discharge claim. The district court thus appropriately granted summary judgment in favor of Service Experts.

## IV. CONCLUSION

For these reasons, we AFFIRM the judgment of the district court.

- 10 -

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 22-6074

BILLY FORESTER,

    Plaintiff - Appellant,

    v.

SERVICE EXPERTS HEATING & AIR CONDITIONING LLC,

    Defendant - Appellee.

> **FILED**
> Jun 20, 2023
> DEBORAH S. HUNT, Clerk

Before:  MOORE, McKEAGUE, and MATHIS, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk